**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-3424-JLK

COMMNET WIRELESS, LLC, a Delaware limited liability company and
ATLANTIC TELE-NETWORK, INC., a Delaware corporation,

    Plaintiffs,

v.

BENNING POWER ELECTRONICS, INC., a Texas corporation, and
BENNING ELEKTROTECHNIK UND ELEKTRONIK GMBH & CO. KG, a foreign limited liability company,

    Defendants.

---

## STIPULATED MOTION FOR PROTECTIVE ORDER

---

    Plaintiffs Commnet Wireless, LLC, a Delaware limited liability company, and Atlantic Tele-Network, Inc., a Delaware corporation, and Defendants Benning Power Electronics, Inc., a Texas corporation, and Benning Elektronik Und Elektronik GMBH & Co. KG, a foreign limited liability company, ("collectively "the Parties") through their respective counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties may seek additional Confidential Information during discovery and there may be questioning concerning Confidential Information in the course of further depositions. The Parties assert the disclosure

of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests as well as attorney-client privilege. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means those documents the designating party believes are protected by the Federal Rules of Civil Procedure as provided in Rule 26 and designated by one of the Parties in the manner provided in paragraph 3 below, the disclosure of which the designating party believes may cause harm to the designating party.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in one of the following manners:

a. By imprinting the word "Confidential" on the first page or cover of any document produced, accompanied by a reference to the ranges of bates numbered pages to which that designation refers;

b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any other

purpose whatsoever;

b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed, provided, however, that there shall be no requirement to obtain an affidavit for those persons identified in paragraphs 7.a., 7.b., 7.c., 7.d and 7.e. of this Stipulation and Protective Order.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.    The Party's counsel who discloses Confidential Information shall be responsible for obtaining and retaining the original affidavits signed by qualified recipients of Confidential Information. The form affidavit is attached as Appendix A to this Protective Order.

7.    Confidential Information shall not be disclosed to any person or entity other than:

a.    This Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

b.    Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

c.    Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

d.    Consultants, investigators, or experts (hereinafter referred to collectively as

"experts") retained or employed by the parties or counsel to assist in the preparation and/or trial of the lawsuit.

e. The Parties, deponents, witnesses, or potential witnesses; and

f. Essential insurance representatives needed for claims evaluation. Prior to disclosure to any insurance representative, the insurance representative must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Appendix A.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information and may provide disclosure as permitted under this Order.

10. If any counsel objects to the designation of certain information as Confidential Information, as soon as possible after determining that said designation is in error or inappropriate, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this Order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event a party desires to use Confidential Information in any filing with the Court or in any Court proceeding, the filing or offering party shall give sufficient advance notice to the party seeking confidentiality to enable that party to file a Motion to Restrict Public Access, in accordance with D.C.COLO.L.Civ.R 7.2(c). Any such motion will be determined in accordance with D.C.COLO.L.Civ.R 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the protected nature of the documents produced subject to provisions of the order, their authenticity, or their admissibility.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall make available all Confidential Information provided subject to this Protective Order as well as copies not otherwise destroyed to the producing party at the offices of counsel to whom the Confidential Information was produced. If within thirty (30) days after providing notice to producing counsel of the availability of the Confidential Information the producing party has not taken possession of the Confidential Information, counsel providing notice shall destroy the Confidential Information as documents are destroyed in the normal course of counsel's business.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26 (c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential

Information shall be treated at trial.

DATED this 24th day of December, 2015       .

          WILSON ELSER MOSKOWITZ EDELMAN & DICKER

          Signature on file at the offices of Wilson Elser Moskowitz Edelman & Dicker LLP

          By: /s/ *Henry L. Solano*
          Henry L. Solano, #7539
          1225 17th Street, Ste 2750
          Denver, CO 80202
          (303) 572-5300
          Henry.Solano@wilsonelser.com

          Attorney for Defendants

          COZEN O'CONNOR

          Signature on file at the offices of Cozen O'Connor

          By: /s/ Brad W. Breslau
          Brad W. Breslau
          707 17th Street, Suite 3100
          Denver, CO 80202
          720-479-3900
          866-765-8613 (fax)
          bbreslau@cozen.com

          Attorneys for Plaintiffs

SO ORDERED this 28th day of December, 2015.

          BY THE COURT:

          _____
          JOHN L. KANE
          SENIOR U.S. DISTRICT COURT JUDGE

EXHIBIT A

**AGREEMENT OF CONFIDENTIALITY**

1. My full name is: _____

2. My address is: _____

3. My present employer is: _____

4. My present occupation or job description is: _____

5. I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will not disclose any documents covered by the Protective Order except to the attorneys of record in this case and their staff. I will use any such information only with respect to this case.

7. I will return all documents covered by the Protective Order that come into my possession and all documents or things which I have prepared which contain reference to such information to any attorney representing the party that has employed or retained me at the conclusion of this case.

8. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this day of_____, 20___.

_____