IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-3424-JLK

COMNET WIRELESS, LLC, a Delaware limited liability company, and
ATLANTIC TELENETWORK, INC., a Delaware corporation,

        Plaintiffs,

v.

BENNING POWER ELECTRONICS, INC., a Texas corporation, and
BENNING ELEKTROTECHNIK und ELEKTRONIK GMBH & CO. KG, a foreign limited liability company,

        Defendants.
_____

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (Doc. 38)
_____

Kane, J.

This civil action involves product liability claims brought by the Plaintiffs against the Defendants in connection with a fire that occurred on August 6, 2013 at Plaintiffs' facility located at Castle Rock, Colorado. The fire involved a battery back-up system for Plaintiffs' telecommunications network manufactured and sold by Defendants. The lawsuit is in its discovery phase, and Plaintiffs seek an order under Fed. R. Civ. P. 37(a) compelling Defendants to provide "full and compete answers" to certain interrogatories and for certain additional orders concerning Benning Germany and the time, place, and manner for conducting Rule 30(b)(6) depositions of Germany-based staff. I have reviewed the parties' briefing and GRANT the Motion as follows:

I. *Interrogatories.*

Plaintiffs have accepted the supplemental answers to their First Set of Interrogatories with respect to Interrogatory answers nos. 7, 12, 13 and 15, therefore they are no longer at issue and subject to this order. I have reviewed the interrogatories, the submitted answers, the objections and the briefs of counsel. I find the answers to Interrogatories 14, 18, 19, and 20 are inadequate. I find further that the requested ten year period is not unreasonable and the request to limit answers to the last six years is denied. Full and complete answers to each of the foregoing interrogatories shall be made and provided to Plaintiffs' counsel on or before February 26, 2016. If any of the requested data or documents are in the hands and control of third parties not related to defendants, then defendants must provided detailed responses as to their efforts to obtain such materials. Materials in the possession of defendants or either of them obtained from independent third parties must be provided to Plaintiffs. The scope of the interrogatories is not overly broad or burdensome and need not be related only to fire and overheating events similar to the one at issue. Additional data derived from the interrogatories as expressed may well lead to the discovery of relevant and admissible evidence, not the least of which would be the number of complaints and times spent correcting the design and function of the inverter module and its related parts.

II. *Depositions.*

Plaintiffs have requested the issue of Mr. Heynen's deposition be deferred. The request is granted, but I feel obligated to observe that Benning Germany had no trouble bringing Mr. Heynen to the United States to perform tests paid for by plaintiffs.

Preventing his presence in the United States for a deposition is obstructive and likely violative of Rule 1, Fed. R. Civ. P.  Should the parties be unable to agree on the conditions and presence of Mr. Heynen for purposes of taking his deposition, I shall consider the possibility of prohibiting his testimony and/or the admission into evidence of his work product at trial.  I also note that Benning Germany conducts extensive business within the United States and has done so and continues to do so.  Accordingly, I am not favorably impressed with tears being shed about travel expenses or the venue for discovery.  This is indeed a global economy and none of the corporations involved is doing business by sailing ship.

The Rule 30 (b)(6) depositions of two representatives of Benning Germany selected by Benning Germany shall take place in Denver, Colorado at a date agreed upon by the parties, but not later than March 31, 2016. If agreement as to time and place in Denver, Colorado cannot be reached by the parties, the depositions will take place in this United States Courthouse at a time determined by the court.  As these discovery disputes have likely consumed valuable time during the discovery period, I will extend the discovery cutoff for Plaintiffs only for a period of sixty (60) days if a motion therefor is made.

The cost of travel to Denver, Colorado by the two 30 (b)(6) deponents shall be borne by the Defendant Benning Germany except that the Plaintiffs shall reimburse Benning Germany for one-half the air fare to Denver from Bocholt, Germany and return at the lowest economy fare upon receipt of billing from Benning.  No additional reimbursement for lodging or related travel expenses shall be required.

In making the foregoing rulings I have considered a number of factors. First, counsel with their regular hourly billings are based and located in Denver, Colorado. It is less expense for all parties to avoid paying hourly rates for travel time. Second, the Court is in Denver, Colorado and based upon the discovery disputes presented I think it is likely that I may be called upon for further supervision and possible immediate enforcement of orders. Proximity to the anticipated disputes will clearly result in a more efficient and timely handling of any such matters. Third, the expenses incident to travel are to be shared as provided above and no litigant has even suggested the presence of economic hardship or inability to appear and litigate in Denver, Colorado. Fourth, as stated above, Benning Germany engages its officers and employees in travel for business purposes and no argument has been made that coming to Denver constitutes an undue hardship. In fact, the parties had agreed to meet in Denver to conduct mediation. While the event did not take place, the scheduling appears to have presented no problems for any party. Fifth, while Benning Germany has the right to select its 30(b)(6) witnesses, plaintiffs are the moving parties seeking discovery and preference should be given as a matter of equity to their choices. Sixth, and finally, with the depositions being taken here in Denver, Colorado, I can resolve any disputes without risking offense to any other nation.

Dated February 8, 2016 at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE